UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2017 JAN 25 AM 11:27

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

Case 17-CV-00223

DATE: 1-25-17

DR. HEIDI WODIUK

    Plaintiff,

    Counsel: Pro Se

THE PUEBLO WATER CONSERVANCY DISTRICT

    Defendant,

    Counsel: David Lytle

Petition for

WRIT OF CERTIORARI FOR INTERVENTION INTO UNCONSITUIONAL JURISDCITION VILATIONS IN TRIAL COURT CASE 1967CV17664

---

Petitioner Dr. Heidi Wodiuk, is filing this Writ of Certiorari for federal court intervention into the unconstitutional trial court case 1967CV17664 heard outside of the state trial courts subject matter jurisdiction. The Following Writ is filed in just cause, merited reasoning for the good faith Writ of Certiorari to be accepted and federal intervention to dismiss and over throw all unlawful acts, proceedings, hearings and orders made in sedition in state trial court 1967CV17664 to be overturned by this federal court.

The trial courts deprived Dr. Heidi Wodiuk of liberty without due process of law in violation of the Due Process Clause of the Fourteenth Amendment. The freedom of rights has long been recognized as one of the vital personal rights essential to the orderly pursuit of happiness by free men/woman to their civil right to justice for all.

In 1969, Colorado enacted its Water Rights Determination and Administration Act in an effort to revamp its legal procedures for determining claims to water within the State. Therefore, with in that Act gives just cause for this Writ to be accepted and GRANTED in severance to the injustice done to Dr. Heidi Wodiuk in case 1967CV17664 and her estate secretors to be stricken of all its judicial actions in a full case dismissal and deemed defective on its face done in prejudice, bias and malice.

1

Under the Colorado Act, the State is divided into seven Water Divisions, each Division encompassing one or more entire drainage basins for the larger rivers in Colorado. Adjudication of Water claims within each Division occurs on a continuous basis.

The reserved rights claimed by the United States in this case affect waters within Colorado water Division No. 7. On November 14, 1972, the Government instituted this suit in the United States District Court for the District of Colorado, invoking the court's jurisdiction under 28 U. S. C. § 1345. The District Court is located in Denver, some 300 miles from Division 7. The suit, against some 1,000 water users, sought declaration of the Government's rights to waters in certain rivers and their tributaries located in Division 7. In the suit, the Government asserted reserved rights on its own behalf and on behalf of certain Indian tribes, as well as rights based on state law. It sought appointment of a water master to administer any waters decreed to the United States. Prior to institution of this suit, the Government had pursued adjudication of non-Indian reserved rights and other water claims based on state law in water Divisions 4, 5, and 6, and the Government continues to participate fully in those Divisions, but does not list Division 2 in the Pueblo Colorado District courts as one of the divisions recognized by the Government to adjudicate for water district or native American reserved rights. The Pueblo Colorado District court was without jurisdiction to determine federal water rights in case 1967CV17664 which involves three states including Colorado and 9 counties which means by the Colorado water due process clause of the fourteenth amendment the 1967CV17664 case must be heard ONLY in the Colorado Federal water courts or US Federal Supreme Courts.

On appeal, the Court of Appeals for Colorado deprived Dr. Heidi Wodiuk of her appeal, stating that Dr. Wodiuk was NOT entitled to an appeal without an attorney filing her appeal see Dr. Heidi Wodiuk v. The Pueblo Water Conservancy District 16CA622 case. Therefore, this federal court is to adjudicate the federal water rights to Wild Horse Creek, Native American Water treaties rights in case 1967CV17664 and intervene with its federal jurisdiction in terminating the trial courts jurisdictional violation and vacating all of its orders made against the color of law and constitution. The District Court's required intervention by this Writ of Certiorari in this case is indispensably appropriate.

First consider the question of district-court jurisdiction under 28 U. S. C. § 1345. That section provides 807*807 that the district courts shall have original jurisdiction over all civil actions brought by the Federal Government "[e]xcept as otherwise provided by Act of Congress." Under 28 U. S. C. § 1345 this court has jurisdiction over the Pueblo District courts and the case this Writ of Certiorari is filed for relief in case 1967CV17664, Pueblo District Courts in federal jurisdiction violation.

"When there are statutes clearly defining the jurisdiction of the courts the force and effect of such provisions should not be disturbed by a mere implication flowing from subsequent legislation." *Rosencrans* v. *United States,* 165 U. S. 257, 262 (1897). See *Morton* v. *Mancari,* 417 U. S. 535, 549-551 (1974); *United States* v. *Jackson,* 302 U. S. 628, 632 (1938). Dr. Wodiuk in

2

filing this Writ of Certiorari is asking that this court provide consent to determine federal reserved rights held on behalf of Indians in state court who have security interest in 1917 W. 15th Street Pueblo CO 81003 the property in trial court case 1967CV17664 to the native American ownership rights to Native American Indians such as Michael Franti to water profit rights and preservation rights to the Wild Horse Creek Waters. This is a question deprived not previously squarely addressed by the trial Court when bringing it to the courts attention, and given the claims for Indian water rights in this case, federal intervention is REQUIRED by color of law which would clearly have been appropriate if the state court had jurisdiction to decide those claims. We conclude that the state court had NO jurisdiction what so ever over Indian water rights under the Amendment nor any water court jurisdiction rights to hear case 1967CV17644 by a non-water judge such as Jill Mattoon. Which by Constitution is a 6th and 14th Amendment violation.

"In the administration of and the adjudication of water rights under State laws the State courts are vested with the jurisdiction necessary for the proper and efficient disposition thereof, and by reason of the interlocking of adjudicated rights on any stream system, any order or action affecting one right affects all such rights. Accordingly, all water users on a creek or stream, in practically every case, are interested and necessary parties to any court proceedings. It is apparent that if any water user claiming to hold such right by reason of the ownership thereof by the United States or any of its departments is permitted to claim immunity from suit in, or orders of, a State court, such claims could materially interfere with the lawful and equitable use of water for beneficial use by the other water users who are amenable to and bound by the decrees and orders of the State courts such as the tribal who owns the Wild Horse Creek water rights up stream as too the land owners in their Native American blood rights to 1917 W. 15th Street Pueblo, CO 81003 and tribal land mineral rights reserved. Finally, legislative history demonstrates that the McCarran Amendment is to be construed as reaching federal water rights reserved on behalf of Indians. It was unmistakably the understanding of proponents and opponents of the legislation that it comprehended water rights reserved for Indians. In the Senate hearings on the Amendment, participants for the Department of Justice and the Department of the Interior made clear that the proposal would include water rights reserved on behalf of Indians. In addition, the Senate report on the Amendment took note of a recommendation in a Department of the Interior report that no consent to suit be given as to Indian rights.

The Government argues that because of its fiduciary responsibility to protect Indian rights, any state-court jurisdiction over Indian property should not be recognized unless expressly conferred by Congress. It has been recognized, however, that an action for the destruction of personal property may be brought against an Indian tribe where "[a]uthority to sue . . . is implied." <u>Turner v. United States, 248 U. S. 354, 358 (1919)</u>. Moreover, the Government's argument rests on the incorrect assumption that consent to state jurisdiction for the purpose of determining water rights imperils those rights or in some way breaches the special obligation of the Federal Government to protect Indians.

3

The Government has not abdicated any responsibility fully to defend Indian rights in Pueblo state court, and Indian interests may be satisfactorily protected under regimes of state law. See 25 U. S. C. §§ 1321, 1322; 28 U. S. C. § 1360. Cf. *California Oregon Power Co. v. Beaver Portland Cement Co.,* 295 U. S. 142, 164 n. 2 (1935).

Next, Dr. Wodiuk wants the federal courts to consider that the state District Court's actions in subject matters jurisdiction in case 1967CV17664 were done in violation to due process as it mandates and to be corrected by this higher court as inappropriate under the color of law and Native American Water Treaties and Rights. Dr. Heidi Wodiuk holds that the dismissal of the trial courts can be supported under that doctrine in any of its forms noted as a intentional act of sedition in a violation of the Sherman Act, Wilson Act and Clayton Act.

To be sure, the federal claims that are involved in the case go to the establishment of water rights which may conflict with similar rights based on state law. But the mere potential for conflict in the results of adjudications, does, with more, warrant staying exercise of federal jurisdiction. See *Meredith v. Winter Haven,* 320 U. S. 228 (1943); *Kline v. Burke Constr. Co.,* 260 U. S. 226 (1922); *McClellan v. Carland,* 217 U. S. 268 (1910). The potential conflict here, involving state claims by petionter in Pueblo state court and Dr. Wodiuk's federal claims noted in petitioner Pueblo state court case 1967CV17664, would be such as to impair impermissibly or irreparably Dr. Wodiuk's property and water rights in passage agreement profits as to Michael Franti the land owner and his Native American blood Indian Rights as well. The State's effort to affect its policy respecting the allocation of state waters is to be deemed fictitiously claimed in Sherman Act and Clayton Act violations. Which gives rise to an impermissibly prohibited crime.

The proper constitutional adjudication and regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts. These principles rest on considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.,* 342 U. S. 180, 183 (1952). See *Columbia Plaza Corp. v. Security National Bank,* 173 U. S. App. D. C. 403, 525 F. 2d 620 (1975). Generally, as between state and federal courts, the rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . ." *McClellan v. Carland, supra,* at 282. The clear federal policy evinced by that legislation is the avoidance of piecemeal adjudication of water rights in a river system. This policy is akin to that underlying the rule requiring that jurisdiction be yielded to the court first acquiring control of property, for the concern in such instances is with avoiding the generation of additional litigation through permitting inconsistent dispositions of property. This concern is heightened with respect to water rights, the relationships among which are highly interdependent. Indeed, we have recognized that actions seeking the allocation of water essentially involve the disposition of property and are best conducted in unified proceedings. See *Pacific Live Stock Co. v. Oregon water Bd., supra,* at 449. The consent to jurisdiction given by the McCarran Amendment bespeaks a policy that recognizes the availability of comprehensive state

4

systems for adjudication of water rights as the means for achieving these goals. Pueblo trial court can not change a creek such as Wild Horse Creek into a river by use of a state trial court. It is unlawful and is a federal crime to do so. This is occurring in state trial court case umber 1967CV17664 in the water levee project which could cause serious mass murder by water threats if NOT designed properly by federal laws deem. This is therefore, a Domestic Terrorism Act by the Patriot Act notes it as.

The Court stressed that "[n]o question is presented in the federal court as to the right of any person to participate in the res or as to the quantum of his interest in it." *Id.*, at 467

These claims are wholly dissimilar to normal state water claims, because they are not based on actual beneficial use of water but rather on an intention formed at the time the federal land use was established to reserve a certain amount of water to support the federal reservations. The state court will, therefore, have to conduct separate proceedings to determine these claims. And only after the state court adjudicates the claims will they be incorporated into the water source tabulations. If this suit were allowed to proceed in federal court the same procedures would be followed, and the federal court decree would be incorporated into the state tabulation, as other federal court decrees have been incorporated in the past. Thus, the same process will occur regardless of which forum considers these claims. Whether the virtually identical separate proceedings take place in a federal court or a state court, the adjudication of the claims will be neither more nor less "piecemeal." Essentially the same process will be followed in each instance. The Pueblo trial courts deprived Dr. Wodiuk and the Native American tribes of the reservation water feed rights in this case 1967CV17664 by trying a water case of eminent domain for the water levee take outside of the state trial court's jurisdiction.

Federal claims in this lawsuit relate to water reserved for Indian reservations. It is not necessary to determine that there is no state-court jurisdiction of these claims to support the proposition that a federal court is a more appropriate forum than a state court for determination of questions of life-and-death importance to Indians. This Court has long recognized that " `[t]he policy of leaving Indians free from state jurisdiction and control is deeply rooted in the Nation's history.' " *McClanahan* v. *Arizona State Tax Comm'n,* 411 U. S. 164, 168, quoting *Rice* v. *Olson,* 324 U. S. 786, 789.

The Court says that "[o]nly the clearest of justifications will warrant dismissal" of a lawsuit within the jurisdiction of a federal court. In my opinion there was no justification at all for the district Court's order of dismissal in this case.

"A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion." *Stevedoring Servs.,* 889 F.2d at 921. The district court abuses its discretion when "it bases its decision on an erroneous view of the law or a clearly erroneous assessment of the facts." *United States v. Rahm,* 993 F.2d 1405, 1410 (9th Cir.1993). The defendants submitted evidence to establish that continued uncertainty over water rights, created by the specter of future litigation

over the proper apportionment of water, could serve as a "deterrent for long-term agricultural investment" and could adversely affect the financial viability for the land and mineral owners to the property 1917W. 15th St Pueblo, CO 81003-intervenors. *Id.* The district court's kangaroo court actions to case 1967CV17664 are erroneous, vexatious, falsity, crimen falsi, malicious, incompetent to laws-procedures-rules, the threat of future litigation tjis trial court could cause uncertainty is insufficient to establish plain legal prejudice. See <u>Hyde & Drath, 24 F.3d at 1169</u>; <u>Hamilton, 679 F.2d at 145</u>; *see also* <u>American Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir.1991)</u>; <u>Conafay v. Wyeth Laboratories, 841 F.2d 417, 419 (D.C.Cir.1988) (per curiam)</u>; <u>Kotzen v. Levine,</u> 97*97 <u>678 F.2d 140, 140 (11th Cir.1982) (per curiam)</u>; <u>LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir.1976)</u>; 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2364, at 279-80 (2d ed.1994); *cf.* <u>Paulucci, 826 F.2d at 783</u>. The Pueblo District court properly identified legal prejudice by their black and white complete disregard to the color of law, due process, and property owner's rights.

A violation of 15USCS 8 was made when US government actors et al. engaged in conspiracy to restrain Dr. Heidi Wodiuk liberty so to take Dr. Wodiuk's rights and duress her into being intimidated to not fight back for her rights in the City Law actor's greed to take Dr. Wodiuk's estate. The issues at hand are civil matters and the trial courts made them criminal ones by falsifying and fabricating federal subject matter crimes on Dr. Wodiuk so to cause a ploy to delay and mayhem to Dr. Wodiuk in domestic terrorism acts so to conspire and organized by the trial court actors Sherman Act violations for national economy asked of them by malicious US law actors. The trial courts actors et al have violated and deprived every right of Dr. Wodiuks even Dr. Wodiuk's security rights in 15CR1287 case conspired to conjunct the water eminent domain take 1967CV17664 so to ploy a CMHIP incompetency hold to kidnap Dr. Wodiuk for government estate taking of Dr. Wodiuk estate.

C.R.S. 18-5-905 the state trial courts did perjury in identity theft in fabricating legal documents in forgery to Michael Franti signature used and intended to possess 1917 W 15th Street Pueblo CO 81003 water profits and rights to the land.

Legalized bank robbery occurred in this case to Discover Bank. Fabricated property liens filed in trial court 1967CV17664 without due process being served to merit validity of the fabricated property liens before the take of 1917 W. 15th Street Pueblo CO 81003. The eminent domain monies for the dwelling were never paid to Dr. Heidi Wodiuk. Un-constitutional and unlawful unfixed debts were paid in 1967CV17664 against color of law and constitution constituting in federal laws a legalized bank robbery, legalized robbery of Dr. Wodiuk monies. As too no due process served before demolishing Dr. Heidi Wodiuk et al. Property at 1917 W. 15th Street Pueblo, CO 81003. The property mail box was unlawfully removed and never returned and mail tampered and mail box stolen from the property owners. Land rent was and still is NOT paid by the Pueblo water conservancy district to the land owners nor profit passage lease agreements filed paid. Tenants were threatened by the Pueblo water conservancy district et al. as too William Hayes, Dr. Heidi Wodiuk, and Oprah Winfrey in text messages, verbal and social mass media public sites the law actors involved in the water take made life threats, name calling,

bullying, slander, defamation, duressing comments and late night texting done to interrupt sleep so to duress property owners and more.

By CRCP 9 the state has deprived the property owners of their rights to appoint and secure estate real and personal in this trial court case which deprivation of these rights under color of law and constitution is a crime against the property owners and their rights. Which makes that the state court and its actors as too the plaintiff in 1967CV17664 and 15CR1287 be held to all losses of business, losses real and personal, profits, ligations time and costs, hardships, damages, duress, psychological damage to the property and persons, mental and emotional duress abuse and physical abuse and duress, cruel and unusual treatment and care, deprivation of rights and more.

## FEDERAL LAWS VIOLATED et al.

Organized crime Act 1970

Grand Treason 18USCS3432- capital offence done in 1967CV17664

18 USC 1546-document fraud

18 USC 1028 document theft/fraud

18 USCS 7- general provisions of US water can NOT take private lands or tribal mineral rights

11 USC 506 Property lien hearing

42USCS 9603 -false reporting of Dr. Wodiuk health and welfare to Medicaid

18 U.S. Code § 1344 - **Bank fraud**

18 U.S. Code § 2113 - **Bank robbery**

18 U.S. Code Chapter 63 - **MAIL FRAUD AND OTHER FRAUD**

28 USC 2254 and 2255 Rules of Appeal Proceedings deprived of Dr. Wodiuk

Civil Rights Act of 1871, 18.01-18.04, 12C.01

50 USCS 3056 Domestic Terrorism

Sherman Act 15 USCS 3

Clayton Act 15 USCS 12

Wilson Act 15USCS 8

Grand Treason to Kidnapping 18 USCS 3432, 18 USCS 3592

## CONSTITUTIONAL VIOLATED et al.

1 Amendment Freedom of Speech/religion

5th Amendment- 1967CV17664 deprived this to Dr. Wodiuk for 15CR1287 case rights

6th Amendment Fair trial

8th Amendment Search and seizure

10th Amendment Equal protection of the law

13th Amendment- human trafficking for racketeering which constitutes as slavery under the law

14th Amendment Due process

## COLORADO STATE STATUTES VIOLATED et al.

| | | | |
|---|---|---|---|
| CRS 27-65-127 | CRS 15-14-304 | CRS 15-14-304 | CRS 37-92-203 |
| CRS 25-4-406 | CRS 38-6-208 (1)(b)(11) | | CRS 37-45-153 |
| CRS 25-1-122 | CRS 37-3-117 | CRS 38-3-101 | CRS 37-95-106(n)(1) |
| CRS 18-5-905 | CRS37-92-203 | CRS 31-35-304 | CRS 37-95-106 |
| CRS 26-5-111 | CRS 18-5-902 | CRS 15-14-304 | CRS 37-43-207 |
| CRS 4-9-334 | CRS 4-8-503 | CRS 4-9-314 | CRS 4-9-108 |
| CRS 37-92-304 | CRS 37-92-305 | CRS 37-60-115(6) | CRS 37-60-115(6)(b)(VI) |
| CRS 37-86-104 | CRS 38-6-202 | CRS38-6-207 | CRS 38-6-207 |
| CRS 38-6-208 | CRS 38-35-204 | CRS 38-22.5-110 | CRS 38-20-205 |
| CRS 18-8-502 | CRS 18-8-506 | CRS 14-5-316 | |

Colo. Rev. Stat. Ann. § 37-92-101 *et seq.* (1974).

§ 37-92-201.       CRS 38-20-205       CRS 38-22-101       CRS 18-11-201

See §§ 37-92-302 to 37-92-303.

§ 37-92-303.       § 37-92-301.        § 37-92-304.

## COLORADO STATE RULES VIOLATED et al.

| CRCP 105.1 | CRCP 103   | CRCP 102   | CRCP 403 | CRCP 35    |
| CRCP 304   | CRCP 66    | CRCP 120   | CRCP 105 | CRCP 20    |
| CRCP 34    | CRCP 60    | CRCP 54    | CRCP 81  | CRCP 509   |
| CRCP 19    | CRCP 98    | CRCP 5     | CRCP 9   | CRCP 251.5 |
| CRCP 16    | CRCP 106.5 | CRCP 251.18| CRCP 107 |            |

## COLORADO STATE CANON VIOLATED et al.

Canon 4 – violation of judges acting in political water Sherman act nation economy

Canon 3

Article II of Bill of rights section 9

## ACTS VIOLATED et al.

American Indian Religious Freedom Act (AIRFA) 42 USC 1996)

Homestead Exemption ACT

Clean Water Act

Law Enforcement Act 1994

Environmental Protection Act 42 USCS 7601

Securities Investor Protection Act 1970   15 USCA 78

Sherman Act

Wilson Act

Organized Crime Act 1970

Wilson Act

Salinity Control Act

Patriot Act

## COLORADO STATE CONSTITUTION VIOLATED et al.

Colo. Const. Art. XVI, §§ 5, 6; Colo. Rev. Stat. Ann. §§ 37-92-102 to 37-92-306 (1974); *Coffin v. Left Hand Ditch Co.,* 6 Colo. 443 (1882).

Colo. Const. Art VI section 7 (2016)

Colo. Const. Art XVI section 6 (2016)

Colo. Const. Art XX section 1 (2016)

Colo. Const. Art X Section 5 (2016)

Colo. Const. Art II Section 15 (2016)

Colo. Const. Art II Section 4 (2016)

USCS Const. Art. III 3, Cl1

Colo. Const. Art. XII Section 4

Constitution II – property use for religious worship

## CASE LAW VIOLATED et al.

Bragdon v. Bradt, 16 Colo. App 65, 64 P.248 (1901)

Dept. of Insts. V. Carothers, 821, P2d 891 (colo 1991).

Nelson v. Nelson, 31 Colo. App. 63, 497 P.2d 1284 (1972)

Milstein v. Ayers, 955 P2d 78 (colo. App 1998

Sabrosky v. Denver Dept. of Soc. Servs, 781 P2d 106 (Colo.App.1989)

10

Security bank v. weingardt, 42 Colo. App 219, 597 P2d 1045

Sifton v. Stewart tile guar.co., 259 P3d 542 (colo.App. 2011).

Talton v. Mayes 163 US 376, 16 S. ct. 986, 41 L.Ed

Thornton v. Farmers Revoir imigation co. 194 Colo, 526, 575 P2d 382 (1978)

Town of Parker v. Colo. Div. of Parks, 860 P.2d 584 (Colo. App.. 1993)

Young v. Brofman, 139 Colo.296, 338 P.2d 286 (1959).

Yousif v. Trani, 11 F Supp. 3d1032 (D. Colo. 2014)

DR. HEIDI WODIUK

By: _____

Dr. Heidi Wodiuk

8448 Hwy 78 W

Beulah, CO 81023

Tel: (719) 214-1181

### CERTIFICATE OF SERVICE

I hereby certify that on this January 24, 2017, a true and correct copy of the above and foregoing DEMAND FOR RELIEF: PATRIOT ACT VIOLATION'S DONE BY THIS COURT was, unless otherwise filed by U.S. postal mail or hand delivered with the Courts who provides notice to the following:

David Lytle

229 Colorado Ave

Pueblo, CO 81004

719-545-7325

A Duly Singed Original is on File at the Offices of Dr. Heidi Wodiuk

/s/ _____

11